IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SUKCHA THARP,               )
                                  )
       Plaintiff,           )
                                    )
       v.                     )        Case No. 1:15-cv-719-GBL
                                  )
LORETTA E. LYNCH, Attorney General, U.S.)
Department of Justice,            )
                                  )
       Defendant.         )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Loretta E. Lynch, Attorney General of the United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docs. 6, 7, 8). This case concerns Plaintiff Sukcha Tharp's civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, for claims of discrimination, hostile work environment, and retaliation. Oral argument on Defendant's motion was heard on September 25, 2015. There are three issues before the Court. First, whether the Court lacks subject-matter jurisdiction as a result of Plaintiff's failure to exhaust her administrative remedies for these claims. Second, whether Plaintiff's claims fail because they are untimely. And third, whether this Court lacks jurisdiction to adjudicate Plaintiff's claims relating to the revocation of her security clearance under *Dep't of Navy v. Egan*, 484 U.S. 518 (1988).

The Court GRANTS Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Docs. 6, 7, 8). Plaintiff does not present arguments against dismissal of the majority of her claims; instead, her argument focuses primarily on her claims arising from the

OPR investigation and administrative leave claim. For the reasons set out below, the Court lacks jurisdiction to hear all of Plaintiff's claims, including the OPR investigation and administrative leave claims, because (1) Plaintiff failed to fully exhaust administrative remedies, (2) her claims are time-barred, and (3) the claims relating to the revocation of her security clearance are not subject to judicial review under *Dep't of Navy v. Egan*, 484 U.S. 518 (1988). The Court further holds that notwithstanding the foregoing jurisdictional and procedural barriers, judgment is warranted in favor of Defendant because Plaintiff has not shown that Defendant's proffered non-discriminatory reasons for the employment actions against Plaintiff are pretextual.

## I.    BACKGROUND

This case arises from Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, alleging discrimination, hostile work environment, and retaliation by her former employer the United States Drug Enforcement Agency ("DEA") or ("the Agency"). Plaintiff is an Asian-American woman who previously worked for the DEA as a Diversion Investigator. Compl. ¶¶ 4-5 (Doc. 1). Plaintiff alleges that following a romantic relationship with DEA employee Gerald McAleer, who later became her third-level supervisor as Special Agent in Charge ("SAC") for the State of New Jersey, McAleer led an effort to discriminate, retaliate, and harass Plaintiff. Plaintiff's claims involve the following actions: initiation of a Suitability Review Protocol ("SRP"), a seven-day suspension from work in 2007, denial of transfer requests and promotions, referral to the DEA's Employee Assistance Program ("EAP"), revocation of her security clearance, and resulting termination.

From 1998 to 2000 and briefly in 2003, while Plaintiff was working in the San Francisco office, Plaintiff was romantically involved with McAleer. *Id.* In or about June 2000, Plaintiff

transferred to the Newark, New Jersey office of the DEA to be closer to McAleer. *Id.* ¶ 7. In 2006, McAleer transferred to the Newark office where he became the Special Agent in Charge for New Jersey, a role which made him one of Plaintiff's supervisors. *See id.* ¶ 10.

In June 2006, responding to several complaints, SAC McAleer ordered Plaintiff to undergo a Suitability Review Protocol examination. *See id.* ¶ 12; DEX 1. As part of the SRP examination, in September 2006 Plaintiff was directed to undergo a psychiatric evaluation. *See id.* ¶ 14; DEX 3. In November 2006, Plaintiff was directed to undergo additional psychiatric testing. *See* Compl. ¶ 15; DEX 4. During this time Plaintiff applied for a promotion to New Jersey Diversion Group Supervisor but she was not selected, and her co-worker Richard Tilney was chosen for the job. *See* Compl. ¶ 16. At the conclusion of the SRP, Plaintiff was informed by a letter dated March 12, 2007 that she could resume full duty. DEX 5.

On April 16, 2007, SAC McAleer issued a notice of proposed suspension for seven days without pay to Plaintiff, which listed thirteen specifications of unprofessional conduct. *See id.* ¶ 21; DEX 6. On May 11, 2007, Plaintiff provided a response to the notice of proposed suspension, in which she stated that "she was being subjected to discrimination and hostile work environment." *See* Compl. ¶ 22. On June 26, 2007, Stephen Griswold of the Human Resources Division, upheld the suspension. *Id.* ¶ 23; DEX 8. Plaintiff served the suspension starting on July 9, 2008. Compl. ¶ 25.

Plaintiff's Complaint claims that she made several requests between 2006 and 2008 for transfers and reassignments, all of which were denied. *Id.* at ¶ 20. On May 12, 2008, Plaintiff traveled to the DEA headquarters in Arlington, VA to seek assistance with a transfer in person. When asked why she did not ask her local managers for a transfer, she responded by saying that

3

her multiple requests had been denied and that she believed SAC McAleer wanted to prevent her transfer from Newark. *Id.* ¶ 28.

Plaintiff alleges that on May 19, 2008, SAC McAleer "falsely accused her of threatening to 'get a gun' in order to get a promotion." *See id.* ¶ 32. SAC McAleer had received reports from employees that on May 13, 2008, Plaintiff made a statement to the effect of "I have to get a gun so I can get things straight around here" and that she had inquired about the time necessary to get a gun in Philadelphia. DEX 10, 11. Around May 21, 2008, SAC McAleer initiated an investigation with the DEA Office of Professional Responsibility ("OPR") into Plaintiff's conduct, and he placed Plaintiff on paid administrative leave pending the outcome of the investigation. *See id.* ¶¶ 32-33. Plaintiff's administrative leave was extended several times. *See id.* ¶ 35. During this time, Plaintiff was required to call her direct supervisor, Robert Tilney, every day to check her status. *See id.* ¶ 38. Plaintiff further alleges that she was "threatened and intimidated" into seeking EAP counseling. *See id.* ¶ 34. In June, 2008 Louis Cardinali, the acting ASAC of the New Jersey Division issued a memorandum to Plaintiff formally referring her to the EAP program and referencing earlier attempts to refer her to the program. This notice stated that her EAP referral did not constitute a disciplinary action and would not become part of Plaintiff's personnel file. DEX 14.

On October 14, 2008, Deputy Chief Inspector ("DCI") Barbara Roach sent a notice of proposed suspension of Plaintiff's security clearance to Plaintiff. *See id.* ¶ 40; DEX 16. Plaintiff provided a response to the notice, but DCI Roach upheld the suspension of her security clearance on December 5, 2008. *See* Compl. ¶ 43; DEX 17. Plaintiff appealed the revocation of her security clearance to the Department of Justice Access Review Committee ("ARC"). Compl. ¶ 45. After holding a hearing in June 2010, the ARC sustained the revocation of Plaintiff's

4

security clearance on September 2, 2010. DEX 20. A security clearance is a requirement for Plaintiff's position. DEX 23. Plaintiff was then issued a proposal to remove her from service on October 28, 2010, and she was officially removed on March 2, 2011. *See* Compl. ¶ 54; DEX 24, 25.

Plaintiff's initial contact with an EEO counselor occurred on November 10, 2008. Compl. ¶ 41; DEX 26. On March 13, 2009, Plaintiff filed a formal EEO complaint, alleging race, gender, and perceived disability discrimination, hostile work environment, and retaliation. *See* Compl. ¶ 48; DEX 27. Following the administrative investigation, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Compl. ¶ 49. The DEA moved to dismiss any claims that were time-barred as a result of Plaintiff's failure to consult with an EEO counselor within forty-five days of an employment action. DEX 28. Plaintiff, represented by counsel, did not oppose the motion, and during a telephonic hearing with the ALJ, Plaintiff's counsel conceded that such claims were untimely. DEX 29. On July 16, 2010, the ALJ granted the DEA's motion to dismiss. *Id.*

After extended discovery, the Agency filed a motion for decision without a hearing. DEX 30. The agency argued that *Egan* barred judicial review of claims related to Plaintiff's security clearance revocation and that Plaintiff failed to demonstrate a prima facie case of discrimination or retaliation and could not show that the Agency's legitimate, non-discriminatory reason for its actions was pretextual. *Id.* at 17-27. On April 8, 2011, after Plaintiff's termination was final, Plaintiff challenged her removal before the Merit Systems Protection Board ("MSPB"). DEX 31. While the MSPB appeal was pending, Plaintiff sought to amend her EEO claims before the ALJ on August 22, 2011, including adding a claim relating to her removal, revocation of her security clearance and the ARC appeal, allegations regarding inappropriate

decorations in her supervisor's office, the OPR investigation, and the process of the MSPB appeal. *Id.* at 1-3. The Agency opposed the motion and the ALJ denied it on December 20, 2011. DEX 33. The MSPB issued an initial decision affirming Plaintiff's removal, Plaintiff petitioned for review by the full MSPB, and on September 20, 2012, the MSPB issued a final decision affirming the removal of Plaintiff on the merits. DEX 35.

On October 5, 2012, the ALJ issued a decision on Plaintiff's EEO complaint, granting the Agency's motion for decision without a hearing. DEX 36. The ALJ held that Plaintiff failed to demonstrate a prima facie case of any type of discrimination, but that she did show a prima facie case of retaliation because the proposal to suspend her security clearance had occurred only one month after her EEO counseling session. *See id.* at 7-8. Despite this finding, the ALJ held that Plaintiff could not refute the Agency's legitimate, non-discriminatory reason for its actions based on the extensive evidence of Plaintiff's "history of behavior that can be described at the very least as inappropriate and unprofessional, if not disturbing and unstable." *See id.* at 8-9. The Agency accepted the ALJ's decision and issued a final decision on November 16, 2012. DEX 37.

On December 21, 2012, Plaintiff appealed the Agency's final agency decision as well as the ALJ's decision issued on October 5, 2012. DEX 38. Plaintiff explicitly appealed only the decision of the ALJ issued on October 5, 2012. DEX 39. Plaintiff did not appeal either the ALJ's July 16, 2010 order dismissing her untimely claims or the ALJ's December 20, 2011 order denying her motion to amend her EEO claims. After briefing from both parties, the Office of Federal Operations ("OFO") affirmed the ALJ's decision on the merits. *Id.*

On June 5, 2015, Plaintiff filed suit in this Court, seeking "lost wages/benefits, reinstatement o[f] front pay and benefits, compensatory damages for pain and suffering, mental

6

anguish and emotional distress in amounts to be determined by a jury but not less than $300,000.00 on each count," plus interest, costs, and fees. Compl. at 11.

## II.    DISCUSSION

### A. Standard of Review

#### a. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal where the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where a federal court finds subject-matter jurisdiction lacking, it must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Plaintiff bears the burden of proving the existence of federal subject-matter jurisdiction. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citing *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)).

There are two ways in which a defendant may present a Rule 12(b)(1) motion. First, a defendant may argue that the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a case, the court assumes the truth of all facts alleged by the plaintiff. *Id.* (quoting *Bain*, 697 F.2d at 1219).

Alternatively, a defendant may use a Rule 12(b)(1) motion to attack the existence of subject-matter jurisdiction apart from the pleadings, essentially averring "that the jurisdictional allegations [are] not true." *Id.* (quoting *Bain*, 697 F.2d at 1219). When faced with this second form of a challenge, the court may regard the pleadings as mere evidence and consider evidence outside the pleadings to determine the existence of jurisdiction. If necessary, the court may hold

7

an evidentiary hearing. *Id.* (citing *Bain*, 697 F.2d at 1219); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). As a result, the plaintiff's allegations carry no presumption of truth, and a dispute of material facts does not preclude the trial court from evaluating the merits of the claims underlying jurisdiction. *Vuyyuru*, 555 F.3d at 347.

  b.  **Motion to Dismiss for Failure to State a Claim**

  A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citing *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir. 1979)). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, the court will examine "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172,

176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

The complaint must contain sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck*, 708 F.3d at 554 (quoting *Iqbal*, 556 U.S. at 678). The plausibility requirement imposes not a probability requirement but a mandate that the plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies on "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557). The complaint must present "'enough fact to raise a reasonable expectation that discovery will reveal evidence' of the alleged activity." *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must present sufficient nonconclusory factual allegations to support a reasonable inference of the plaintiff's entitlement to relief and the defendant's liability for the unlawful act or omission alleged. *See Francis*, 588 F.3d at 196–97 (citing *Iqbal*, 556 U.S. at 678–79, and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992) (en banc)).

### c. Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).   In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).   Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted).   "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S.

317, 324 (1986). Where the non-moving party bears the burden of proof at trial, the party moving for summary judgment must show there is a lack of evidence to carry the non-moving party's burden on an essential element of the cause of action. *See id.* at 323; *Cray Comm., Inc. v. Novatel Comput. Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994).

## B. Analysis

The Court GRANTS Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, as the Court lacks jurisdiction to hear the claims because (1) Plaintiff failed to exhaust her administrative remedies, (2) her claims are time-barred, and (3) the claims relating to the revocation of her security clearance are not subject to judicial review under *Dep't of Navy v. Egan*, 484 U.S. 518 (1988). Regardless of these deficiencies, judgment is warranted in favor of Defendant because Plaintiff has not shown a genuine issue of fact that Defendant's proffered non-discriminatory reasons for the employment actions against Plaintiff are pretextual.

### a. Failure to Exhaust Administrative Remedies

First, the Court grants Defendant's motion because Plaintiff abandoned the majority of her claims during her administrative proceedings and therefore failed to exhaust administrative remedies before seeking judicial relief in the present case. Specifically, Defendant's motion should be granted because (1) federal employees who seek to enforce their rights under Title VII and the Rehabilitation Act must exhaust their available remedies before pursuing an action in federal court; and (2) any claims not included in the Plaintiff's EEO complaint are not properly before this court.

Federal employees who seek to enforce their rights under Title VII, the Americans with Disabilities Act, and the Rehabilitation Act must exhaust their available administrative remedies before pursuing an action in federal court. *See Melendez v. Sebelius*, --- F. App'x ---, 2015 WL

2343797, at *1 (4th Cir. 2015) (citing 29 U.S.C. § 794a(a)(1), 42 U.S.C. § 2000e-16(c), 29 C.F.R. § 1614.103(a), (b)(2), and *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)). "This requirement exists to minimize judicial interference with the operation of the federal government.   It also affords an agency the opportunity to right any wrong it may have committed." *Austin v. Winter*, 286 F. App'x 31, 35 (4th Cir. 2008).   Federal courts lack subject-matter jurisdiction over a plaintiff's claim where the plaintiff failed to exhaust her administrative remedies. *See Melendez*, 2015 WL 2343797, at *2.   When challenged, the plaintiff carries the burden of proving subject-matter jurisdiction. *See id.* at *1.   "Federal claimants must pursue their administrative claim before the agency 'with diligence and good faith' to be said to have exhausted their remedies." *Id.* (quoting *Austin*, 286 F. App'x at 35).   "When a plaintiff waives or abandons a claim at the administrative level, the plaintiff effectively fails to exhaust the claims to permit district court review." *Smeltzer v. Potter*, 2010 WL 4818542, at *3 (W.D.N.C. Nov. 22, 2010); *see also Holder v. Nicholson*, 287 F. App'x 784, 792 (11th Cir. 2008) (holding that claims dropped in the plaintiff's EEOC proceedings are not properly before the court).

   In the present case, the administrative record shows Plaintiff did not exhaust her administrative remedies.   Plaintiff elected to appeal the ALJ's entry of summary judgment on October 5, 2012 in favor of the Agency to the OFO.   Although Plaintiff appealed the ALJ's October 5, 2012, decision, she did *not* appeal either the ALJ's July 26, 2010, Order dismissing her pre-September 26, 2008, claims, or the ALJ's December 20, 2011, Order denying her motion to amend.   DEX 38.   Accordingly, the OFO's March 11, 2015 Decision considered only the ALJ's October 5, 2012 decision.   DEX 39.   When a plaintiff fails to appeal certain claims to the OFO, the non-appealed claims are not administratively exhausted and thus must be dismissed for lack of jurisdiction. *See, e.g., Lopez v. Potter*, 2008 WL 2397416, at *2, *6 n.13 (D. Ariz. June

12

10, 2008); *Houchin v. Jackson*, 2007 WL 1158123, at *5 (D. Colo. Apr. 17, 2007); *Striss v. Potter*, 2006 WL 2827681, at *8 (D.S.C. Sept. 28, 2006). Accordingly, this Court lacks jurisdiction on all potential claims covered by the ALJ's July 26, 2010, Order, see Compl. ¶¶ 12-18, 19-21, 25, 27, 32-34, and all potential claims covered by the ALJ's December 20, 2011, Order, *see id.* ¶¶ 36-37, 45, 51, 54.

Similarly, all claims in Plaintiff's Complaint in the present case that were not contained in the underlying EEO Complaint are not properly before the court.[1] "In determining whether a plaintiff has exhausted his administrative remedies, the administrative complaint defines the scope of the plaintiff's right to institute a civil suit." *Nguyen v. Potter*, 2014 WL 2861213, at *3 (E.D. Va. June 24, 2014)).

As Defendant notes, Plaintiff does not address, nor contest, the arguments discussed above that her claims not appealed to the OFO are abandoned and any of the claims raised in the present case but not contained in her EEO Complaint are not administratively exhausted. Def. Reply at 1-3 (Doc. 19). Instead, Plaintiff contends only that the claims pertaining to the OPR investigation and her paid administrative leave during the OPR investigation were not abandoned. Pl. Opp. at. 10 (Doc. 17). Plaintiff's arguments are unpersuasive. Plaintiff asserts that because the ALJ's Oct. 5, 2012 decision references the OPR investigation and her administrative leave, that her appeal of that decision satisfies the administrative exhaustion requirement as to the claims arising from those actions. However, Defendant correctly points out that those actions were not referenced among the claims presented for the ALJ's consideration, and that the ALJ's Oct. 5, 2012 decision cannot otherwise be reasonably construed as having addressed those claims. Plaintiff also contends that she did appeal dismissal of claims relating to

---

[1] *See* DEX 27; Complaint ¶¶ 18, 24, 42, 45, 54 (Doc. 1).

the OPR investigation when she requested, in her amended reply brief to the OFO, that those claims be reinstated. Raising an issue for the first time in a reply brief does not preserve an issue for appeal, and the claims relating to the OPR investigation were not properly before the OFO. *See Soliman v. Gonzales*, 419 F.ed 276, 279 n.5 (4th Cir. 2005) ("[A]n issue first argued in a reply brief is not properly before a court of appeals."); *Yousefi v. U.S. Immigration & Naturalization Serv.*, 260 F.3d 318, 326 (4th Cir. 2001) ("The fact that [the appellant] pursues this issue in his reply brief does not redeem his failure to do so in the opening brief.")

Accordingly, this Court grants Defendant's Motion to Dismiss because Plaintiff does not meaningfully contest Defendant's arguments for dismissal on most of her claims; for the claims she does contest, the Court holds that those claims necessarily fail for lack of subject-matter jurisdiction as a result of Plaintiff's failure to exhaust her administrative remedies.

### b. Timeliness of Plaintiff's Claims

The Court also grants Defendant's Motion to Dismiss on Plaintiff's claims concerning employment actions that occurred before September 26, 2008 because Plaintiff failed to consult with an EEO counselor within the required timeframe and therefore, her claims are time barred. Specifically, Defendant's motion is granted because (1) Plaintiff failed to consult with an EEO counselor within forty-five days of the alleged employment actions; and (2) the "continuing violation doctrine" does not apply. Regulations pertaining to discrimination actions against a federal employer require that the complainant initiate contact with an EEO counselor within 45 days of the allegedly discriminatory action. *See Cooley v. Goss*, 430 F. Supp. 2d 544, 548 (E.D. Va. 2005) (citing 29 C.F.R. § 1614.105(a). In general, a court should dismiss the plaintiff's claims as untimely if the plaintiff fails to consult with an EEO counselor within the required timeframe. *See Lorenzo v. Gates*, 225 F. App'x 165 (4th Cir. 2007). The forty-five-day window

may be extended in limited circumstances pursuant to federal regulation, *see* 29 C.F.R. §

1614.105(a)(2), or, in rare situations, it may otherwise be equitably tolled. *See Khoury v.*

*Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004).

Here, Plaintiff's initial contact with an EEO counselor did not occur until November 10,

2008. Compl. ¶ 41. Therefore, all claims based on employment actions occurring before

September 26, 2008 (forty-five days before Plaintiff's initial EEO contact) are untimely.

Plaintiff effectively concedes this, arguing only that the OPR investigation and administrative

leave claim were timely. Pl. Opposition at 9 (Doc. 17).

Plaintiff also asserts that the "continuing violation doctrine" revives her claims relating to

the OPR investigation and administrative leave because those actions, although initiated before

the timeliness window, continued after she met with an EEO counselor. This argument fails,

however, because the continuing violation doctrine only permits "consideration of incidents that

occurred outside [a] time bar when those incidents are part of a single, ongoing pattern of

discrimination." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). The

continuing violation doctrine does not permit consideration of time-barred acts even though they

relate to actions alleged in timely-filed charges. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536

U.S. 101, 113 (2002). Moreover, the length or pendency of the investigation and administrative

leave does not constitute a separate violation giving rise to her claims and does not render that

action timely. *See Shaw v. Aramark Mgmt Servs. Ltd.*, 903 F. Supp. 2d 413 (E.D.Va 2012)

("[T]he emphasis 'should not be placed on mere continuity' but on 'whether any present

violation exist[ed].'" (quoting *Morgan*, 536 U.S. 112)). Regardless, any argument Plaintiff now

seeks to make concerning the length of the OPR investigation is foreclosed because the ALJ

denied Plaintiff's motion to add that claim in the ALJ's December 20, 2011 Order, a decision the Plaintiff did not administratively exhaust in her appeal to the OFO.  DEX 33, 38.

Accordingly, the Court grants Defendant's Motion to Dismiss with regard to Plaintiff's claims concerning all actions arising before September, 26, 2008, including the OPR investigation and administrative leave claims, because Plaintiff did not timely initiate contact with an EEO counselor and the continuing violation doctrine does not revive those claims.

### c.  Jurisdiction to Review Revocation of Security Clearance and Termination

The Court grants Defendant's Motion to Dismiss on all claims pertaining to the revocation of Plaintiff's security clearance and her resulting termination from employment because under *Egan* this Court lacks jurisdiction to decide those claims.[2]

The Supreme Court in *Egan* barred adjudication of discrimination claims that require reviewing the merits of the decision to revoke a security clearance.  *Egan*, 484 U.S. at 527-30. This is necessary because "the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it."  *Id* at 529.  The Fourth Circuit has noted that federal courts generally lacks subject-matter jurisdiction to review security clearance decisions because "a court should not be put in the position of second-guessing the discretionary judgment of an executive agency assessing national security risks."  *Hegab v. Long*, 716 F.3d 790, 793-94 (4th Cir. 2013).  The Fourth Circuit has applied the *Egan* decision in Title VII and Rehabilitation Act contexts, holding that *Egan* forecloses discrimination and retaliation claims that require any sort of review

---

[2] In particular, claims relating to: (1) the OPR investigation, (2) placement on administrative leave pending an OPR investigation, (3) the suspension and eventual revocation of a security clearance, (4) the suspension from service pending the security investigation, and (5) the removal from service, *see* Compl. ¶¶ 32-33, 35-38, 40, 43-44, 46, 54, are dismissed because judicial review necessarily requires an evaluation of the merits of the decision to revoke Plaintiff's security clearance which is not impermissible under *Egan*.

of a revocation of a security clearance. *See Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996) (applying *Egan* to Title VII); *Guillot v. Garrett*, 970 F.2d 1320, 1326 (4th Cir. 1992) (applying *Egan* to the Rehabilitation Act). The court in *Becerra* further held that the "instigation of the investigation into the security clearance" is not judicially reviewable. 94 F.3d at 149.

Plaintiff argues, however, that the OPR investigation does not fall within the scope of *Egan*, asserting that the revocation was not a direct result of the OPR investigation. Pl. Opp. at 10-11. (Doc. 17). This argument is undermined by the fact that DCI Roach's September 2, 2009 preliminary decision to revoke Plaintiff's security clearance explicitly cites and relies upon the findings of the OPR investigation. DEX 18. Plaintiff seeks support from *Rattigan v. Holder (Rattigan I)*, 643 F.3d 975, 983 (D.C. Cir. 2011) and *Rattigan v. Holder (Rattigan II)*, 689 F.3d 764 (D.C. Cir. 2012) to argue that the OPR investigation should be subject to an exception to *Egan* in cases where non-security personnel report security concerns about an individual but the agency's security personnel determine those concerns were unfounded. Reliance on those cases is unavailing; they provide for judicial review only where the final security clearance determination was *favorable* to the plaintiff, *see Rattigan I*, 643 F.3d at 983, and where the plaintiff's discrimination claims are based on *knowingly false* reporting to security personnel reviewing the security clearance. *See Rattigan II*, 689 F.3d at 770.

In the present case, the ultimate security clearance decision was not favorable to Plaintiff, and Plaintiff cannot show the reporting that resulted in revocation of her clearance was "knowingly false." As discussed above, Plaintiff's co-workers reported to SAC McAleer that on May 13, 2008 Plaintiff said words to the effect of "I have to get a gun so I can get things straight around here" and asked about acquiring a gun in Philadelphia. DEX 10, 11. Plaintiff admitted in

17

two interviews under oath that this episode did occur on May 13, 2008. DEX 12, at 14-15; DEX 13, at 22-37.

In sum, the Court grants Defendant's Motion to Dismiss on Plaintiff's claims relating to her security clearance revocation and termination, including the OPR investigation, because under *Egan* such decisions are reserved to the discretion of the agency and claims arising from them are not justiciable. *Egan*, 484 U.S. at 529.

### d. Plaintiff's Insufficient Evidence of Pretext

The Court also grants Defendant's motion because even despite the jurisdictional deficiencies requiring dismissal of Plaintiff's claims, judgment for Defendant is nonetheless warranted under Rule 56. Plaintiff fails to counter Defendant's arguments concerning the merits of her claims: specifically, that Plaintiff cannot demonstrate a prima facie case of discrimination or retaliation because most of her claims are not "adverse employment actions" under Title VII and the Rehabilitation Act. *See* Def. Mem. at 27-29. (Doc. 9). Plaintiff only contests Defendant's assertion that she cannot demonstrate that the DEA's legitimate, non-discriminatory reasons for its actions were actually a pretext for discrimination or retaliation. *See* Def. Mem. at 29-30; Pl. Opp. at 12-13. Plaintiff's argument is unpersuasive, and the Court finds that Plaintiff has failed to offer sufficient evidence to show that the agency's reasons for the alleged adverse employment actions at issue are pretextual.

Under the *McDonnel Douglas Corp. v. Green* burden-shifting framework for review of employment discrimination claims, if the plaintiff is able to demonstrate a prima facie case of discrimination, the defendant must respond by articulating legitimate, non-discriminatory reasons for the alleged adverse employment actions; if the defendant does so, the plaintiff must

then come forward with evidence which demonstrates a question of fact that defendant's reason is really a pretext for discrimination. *See* 411 U.S. 792, 802-05 (1973).

Here, assuming Plaintiff can make out a prima facie case for discrimination, Defendant has clearly established a litany of legitimate, non-discriminatory reasons for the adverse employment actions. For example, the OPR investigation was initiated as a result of reports by coworkers, later confirmed by Plaintiff's admission, that she discussed getting a gun to "get things straight" at her workplace. DEX 10, 11. The October 14, 2008 proposal to suspend Plaintiff's clearance identified seven instances where Plaintiff was aggressive and threatening toward her co-workers. *See* DEX 16. The April 16, 2007 notice of proposed suspension for seven days noted thirteen separate instances of unprofessional conduct. DEX 6. The SRP investigation was initiated in light of a series of reports of "violent, threatening and inappropriate behavior." DEX 1. Plaintiff has not presented evidence that that DEA's reasons for the employment actions were a pretext for discrimination. Plaintiff makes assertions concerning a number of incidents in which her co-workers engaged in inappropriate conduct, and that "to [her] knowledge" they were not investigated for incidents in the way that she was. Pl. Opp. at 13. (Doc. 19). However, Plaintiff does not set forth arguments to explain how this shows the agency's reasons for taking adverse action against her are a pretext for discrimination.

Plaintiff also argues that summary judgment should be denied because she lacked sufficient opportunity to conduct discovery to support her claims. Pl. Opp. at 13-14. (Doc. 17). However, Plaintiff's attorney actively engaged in a comprehensive period of discovery with the DEA during the administrative proceedings pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 19). In response, the DEA produced almost 4,000 pages of documents to Plaintiff. *Id.* Plaintiff has had more than adequate opportunities to obtain the necessary information from Defendant to oppose the motion. *Id.* Accordingly, further discovery is not warranted. *See Boyd v. Guiterrez*, 214 F.

App'x 322, 323 (4th Cir. 2007) ("Given the extent to which numerous documents and affidavits submitted during his EEOC proceedings were already available to [the plaintiff], we find no abuse of the district court's discretion in denying [his] Rule 56(f) motion.") (Doc. 19).  In sum, even if this Court did have jurisdiction to hear Plaintiff's claims, the Court holds that Plaintiff has failed to adduce competent evidence to rebut the DEA's proffered legitimate reasons for the alleged discriminatory employment actions, and therefore, judgment for Defendant is warranted.

## III.    CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.  Plaintiff does not present arguments against dismissal of the majority of her claims; instead, her argument focuses primarily on her claims arising from the OPR investigation and administrative leave claim.  The Court lacks jurisdiction to hear all of Plaintiff's claims, including the OPR investigation and administrative leave claims, because (1) Plaintiff failed to fully exhaust administrative remedies, (2) her claims are time-barred, and (3) the claims relating to the revocation of her security clearance are not subject to judicial review under *Dep't of Navy v. Egan*, 484 U.S. 518 (1988).  Regardless of these deficiencies, judgment is warranted in favor of Defendant because Plaintiff has not shown that Defendant's proffered non-discriminatory reasons for the employment actions against Plaintiff are pretextual.  For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion is **GRANTED**.

**IT IS SO ORDERED,**

ENTERED this _____ day of December 2015.

Alexandria, Virginia

12 /___ / 2015

_____/s/_____

Gerald Bruce Lee
United States District Judge